UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YOLANDA M. RUFFINS o/b/o C.W.,　　　　　　17-CV-1203-MJR
　　　　　　　　　　　　　　　　　　　　　　　　DECISION AND ORDER
　　　　　　　　　Plaintiff,

　　-v-

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　　Defendant.
_____

　　　　Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 8).

　　　　Plaintiff Yolanda Ruffins brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) on behalf of her child, C.W., seeking judicial review of the final decision of the Commissioner of Social Security denying C.W. Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Ruffins' motion (Dkt. No. 10) is denied and the Commissioner's motion (Dkt. No. 13) is granted.

## **BACKGROUND**

　　　　On June 17, 2014, Ruffins filed an SSI application on behalf of C.W. alleging that C.W. has been disabled since October 1, 2013 due to attention deficit hyperactivity disorder ("ADHD"). (*See* Tr. 85, 132-37, 159).[1] Born in 2007, C.W. was seven-years old at the time of the application. (*See* Tr. 132). The application was denied on October 31, 2014 (Tr. 79-89), after which Ruffins requested a hearing before an Administrative Law

---

[1]　　　References to "Tr." are to the administrative record in this case.

Judge (Tr. 90). On December 19, 2016, Ruffins and C.W. appeared with counsel before Administrative Law Judge William M. Weir (the "ALJ") for a hearing. (Tr. 34-78). On March 7, 2017, the ALJ issued his decision denying C.W.'s SSI claim. (Tr. 8-33). Ruffins requested review by the Appeals Council (Tr. 130-31), but on September 27, 2017, the Appeals Council denied Ruffins' request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-5). This action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

   II.   <u>Standards for Determining "Disability" Under the Act</u>

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. §416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* §416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* §416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe

impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* §416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* §416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* §416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* §416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* §416.926a(e)(3). If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. *Id.* §416.924(d).

III. *The ALJ's Decision*

The ALJ followed the required three-step process for evaluating C.W.'s SSI claim. At the first step, the ALJ found that C.W. has not engaged in substantial gainful activity since June 17, 2014, his application date. (Tr. 14). At the second step, the ALJ determined that C.W. has the severe impairment of ADHD. (*Id.*). At the third step, the ALJ found that C.W. does not have an impairment or combination of impairments that

meets or medically equals one of the Listings. (*Id.*). The ALJ then proceeded to consider whether C.W. has an impairment or combination of impairments that functionally equals the Listings, but he concluded that C.W. does not because although C.W. has a marked limitation in the domain of attending and completing tasks, he has less than marked limitation or no limitation in the remaining five domains of functioning. (Tr. 15-28). As a result, the ALJ held that C.W. has not been disabled within the meaning of the Act since his June 17, 2014 application date. (Tr. 28).

IV. *Ruffins' Challenges*

Ruffins challenges the Commissioner's disability decision on two grounds: first, that the ALJ improperly discounted the opinion of C.W.'s teacher, Ms. Vida Baxter, and second, that the ALJ's conclusion that C.W. has less than marked limitation in the domain of interacting and relating with others is not supported by substantial evidence. (*See* Dkt. No. 10-1 (Ruffins' Memo. of Law)). The Court will address each challenge in turn.

A. *Ms. Baxter's Opinion*

Ruffins argues that the ALJ erred by giving only "some weight" to the opinion of Ms. Baxter, who assessed C.W.'s functioning in each of the six domains. (Tr. 21 *referring to* Tr. 197-205). The ALJ explained that he gave some weight to Ms. Baxter's opinion because "she is a professional who sees [C.W.] on a daily basis and was able to compare [his] performance to [his] peers." (Tr. 21). He declined to give the opinion "great weight" because it was based in part on Ms. Baxter's mistaken belief that C.W. took his ADHD medication on a "regular basis." (Tr. 21-22).

The ALJ's decision to give Ms. Baxter's opinion only some weight is supported by substantial evidence. As the ALJ correctly noted in discounting the opinion, the record

reflects multiple instances where C.W. failed to take his ADHD medication or did not take it as prescribed (*see* Tr. 16-21), which undermines part of Ms. Baxter's rationale for her opinion. When C.W. did take his ADHD medication as prescribed, his behavior was, according to Ruffins' testimony at the hearing, much improved. (Tr. 20, 57-61). Had Ms. Baxter known that C.W. was not taking his medication on a regular basis as prescribed, she likely would have adjusted her opinion accordingly.

Ruffins also argues that the ALJ created a gap in the record by "rejecting" Ms. Baxter's opinion, and that the ALJ should have filled this purported gap by requesting another opinion regarding C.W.'s functioning in the six domains. (Dkt. No. 10-1 (Ruffins' Memo. of Law) at 15-16). Contrary to Ruffins' argument, the ALJ did not "reject" Ms. Baxter's opinion; rather, he gave the opinion "some weight" and partially relied upon it in concluding that C.W. does not functionally equal the Listings. Ms. Baxter's opinion largely supports the ALJ's conclusion because she found that C.W. has only "moderate," "slight," or "no" problems in several areas of functioning relevant to each of the six domains. (Tr. 199-204). Thus, because the ALJ did not outright reject Ms. Baxter's opinion, he did not create a gap in the record that needed to be filled with additional opinion evidence. Even if there were such a gap in the record, Ruffins' argument that the ALJ should have requested an opinion to fill the gap is misplaced because the Commissioner did in fact attempt to obtain additional opinion evidence by scheduling C.W. to attend a consultative medical examination. (Tr. 165). C.W. neglected to attend the examination, however, and an opinion was thus never rendered due to no fault of the Commissioner. (*Id.*). Accordingly, for these reasons, Ruffins' first objection to the Commissioner's disability decision is without merit.

B. *Domain of Interacting and Relating With Others*

Ruffins next argues that the ALJ incorrectly concluded that C.W. has less than marked limitation in the domain of interacting and relating with others. In particular, Ruffins argues that the ALJ erred by: (1) not comparing C.W.'s functioning in this domain to that of his same-aged peers as required under 20 C.F.R. §416.926a(b); (2) failing to acknowledge C.W.'s diagnosis of oppositional defiant disorder ("ODD"); and (3) providing only a "conclusory" explanation as to why C.W. has less than marked limitation in this domain.

Ruffins' first argument is without merit because the ALJ discussed 20 C.F.R. §416.926a(b) in his decision (Tr. 12, 15) and expressly considered C.W.'s functioning as it relates to his same-aged peers by giving some weight to Ms. Baxter, who, as a teacher, "was able to compare [C.W.'s] performance to [that of his] peers" (Tr. 21).

Ruffins' second argument is likewise without merit because the ALJ acknowledged C.W.'s ODD diagnosis in his decision (Tr. 18 *referring to* Tr. 414) and discussed C.W.'s school psychologist's assessment that he has "ODD problems" (Tr. 19 *referring to* Tr. 368).

Ruffins' third argument is also without merit because in addition to summarizing all of the medical and non-medical evidence in the record (Tr. 16-22), the ALJ set forth the specific evidence in support of his finding that C.W. has less than marked limitation in the domain of interacting and relating with others. (Tr. 25). The ALJ noted, for instance, Ruffins' statement that C.W. has friends his own age, but is unable to make new friends, does not get along with adults or school teachers, and does not play team sports. (Tr. 25 *referring to* Tr. 151). The ALJ also noted Ms. Baxter's finding that C.W. has a "very

serious problem" seeking attention appropriately, expressing anger appropriately, and respecting and/or obeying adults in authority, and a "serious problem" playing cooperatively with other children. (Tr. 25 *referring to* Tr. 201). However, the ALJ went on to note Ms. Baxter's finding that C.W. has only a "moderate problem" making and keeping friends, asking permission appropriately, and following rules, a "slight problem" introducing and maintaining relevant and appropriate topics of conversation and taking turns in a conversation, and "no problem" relating experiences and telling stories, using language appropriate to the situation and listener, interpreting the meaning of facial expression, body language, hints and sarcasm, and using adequate vocabulary and grammar to express his thoughts and ideas in general, everyday conversation. (Tr. 25 *referring to* Tr. 201). The evidence relied upon by the ALJ not only provides an adequate basis for judicial review, but also constitutes substantial evidence in support of his conclusion that C.W. has less than marked limitation in the domain of interacting and relating with others. *Cf. Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (providing that a court should "not hesitate to remand the case for further findings or a clearer explanation for the decision" if it is "unable to fathom the ALJ's rationale in relation to evidence in the record"). Although Ruffins cites other evidence in the record that she believes supports a marked or severe limitation in this domain, the relevant question is not "whether there is substantial evidence supporting [Ruffins'] view," but rather "whether substantial evidence supports *the ALJ's decision*." *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order). As discussed herein, substantial evidence does in fact support the ALJ's conclusion that C.W. has less than marked limitation in the domain of

interacting and relating with others.  Thus, Ruffins' final objection to the ALJ's disability decision is without merit.

## **CONCLUSION**

For the foregoing reasons, Ruffins' motion for judgment on the pleadings (Dkt. No. 10) is denied and the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) is granted.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   April 17, 2019
         Buffalo, New York

                                        */s/ Michael J. Roemer*
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge